GEORGE SKLENCHER, DEFENDANT IN ERROR, v. THE FIRE ASSOCIATION OF PHILADELPHIA, PLAINTIFF IN ERROR.

Argued November 1, 1904—Decided February 27, 1905.

1. In a suit upon a policy of fire insurance containing a clause exempting the insurance company from liability for loss "by theft," it appeared that some of the property insured was stolen during the fire. *Held*, the defendant was not liable for such loss.
2. A clause in a policy of fire insurance exempting the company from liability for loss caused "by theft" means a loss caused by theft during the fire.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiff in error, *Theodore B. Booraem* and *Willard P. Voorhees.*

For the defendant in error, *Charles T. Cowenhoven.*

The opinion of the court was delivered by

GARRETSON, J. This was an action upon a policy issued by the defendant to the plaintiff insuring him against all direct loss or damage by fire: $400 on stock of leather and findings, shoes manufactured and in the process of manufacture, cigars, tobacco and smokers' articles, and $100 on tools, implements and utensils used in making and repairing boots

and shoes; also on store furniture and fixtures of every description contained in a described building. A fire occurred entailing loss, and the action is for the amount of the loss. Upon the trial exception was taken to the admission of the evidence as to the contents of the store three to five days before the fire; this was evidence tending to show what was in the building when the fire occurred, and we think was competent.

Parts of the charge excepted to, as to the manner of the plaintiff leaving the store, and as to how the plaintiff acted when he was arrested, were within the rights of the judge as comments on the evidence.

Evidence appears in the case from which it may be concluded that some of the goods insured were stolen from the place where they were during the progress of the fire. The defendant requested the court to charge the jury that the plaintiff is not entitled to recover for any goods which were stolen or surreptitiously removed and not burned. The judge charged the jury upon this subject as follows: "Of course, you must understand this, that this plaintiff was under the duty to remove these goods and to do everything that he could to protect them from fire and from loss by theft or anything else; but if, before he could remove them, those goods were stolen; if he had no power to prevent the theft; if, by the exercise of ordinary care and caution and prudence, he could not prevent their being stolen, the defendant would be liable for that loss." In so charging there was error. The policy contained this clause: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority, or *by theft,* or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises," &c. The expression "or by theft" refers to theft committed during the fire or when the goods are exposed as a consequence of the fire.

The insured is generally held liable for theft of the insured

property during the fire.   13 *Am. & Eng. Encycl. L. (2d ed.)* 128.

But where there is a' clause in the policy that excepts theft it will relieve the insured.

Some cases have held that this will be so only if the clause is explicit and excepts theft "during or subsequent to the fire," but where the clause merely excepts "loss by theft," this is held not to include loss from that cause during the necessary removal of the property.

It was held, however, in *Webb* v. *Protection, &c., Insurance Companies,* 14 *Mo.* 3, that since the insured under a fire policy would not be liable for loss by theft not attributable directly to the fire, the purpose of an exception of liability for loss by theft must be taken to be to secure exemption against such liability as without the exception it would exist, namely, liability for loss by theft during a fire.

In the present case the only application of the words as to loss by theft in the policy refers to that happening during the fire, and the evidence shows that this loss occurred by parties taking the goods insured from the store in which they were and appropriating them to their own use during the progress of the fire.

For this error in the charge there must be a reversal.